CONNECTICUT & PASSUMPSIC RIVERS R. R. CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 8424, 9100. Promulgated October 4, 1927.

1. Many years prior to the taxable year petitioner leased its railroad and property for a term of years, the lessee agreeing to pay all Federal income taxes imposed upon the lessor with reference to

the rental. The lessee paid the Federal tax upon the net income returned by petitioner for each year subsequent to the lease. *Held*, the amount of tax so paid constitutes additional income to the petitioner for the year in which such tax became due and was paid.

2. No portion of premiums at which bonds were issued, which bonds were outstanding at the close of the taxable year, represented income within the taxable year.

*J. S. Y. Ivins, Esq.*, and *O. R. Folsom-Jones, Esq.*, for the petitioner.

*M. N. Fisher, Esq.*, and *P. J. Rose, Esq.*, for the respondent.

The Commissioner determined deficiencies in income and profits tax of $2,259 for the calendar year 1918, $1,587.47 for the calendar year 1919, and $100.62 for the calendar year 1920. These proceedings were consolidated for hearing and decision. Proceeding Docket 8424 relates to the deficiency for 1918 and Docket 9100 relates to the deficiencies for the years 1919 and 1920. The questions involved are (1) whether the payment by the lessee, pursuant to the terms of a lease, of Federal income tax of the lessor constitutes additional income to the lessor, (2) whether premiums received upon the sale of bonds prior to March 1, 1913, should be spread over the life of the bonds and treated as taxable income accrued ratably over that period, and (3) whether the petitioner and the Newport & Richford Railroad Co. were affiliated during the taxable years.

A decision of the last issue becomes necessary only in the event the Board sustains the determination of the Commissioner that bond premiums constitute income ratably over the life of the bonds.

### FINDINGS OF FACT.

During the taxable years 1918, 1919, and 1920 petitioner was a Vermont corporation with principal office at Boston, Mass. It was the owner of a railroad and also of all of the capital stock of the Newport & Richford Railroad Co. All of the property of petitioner was leased in June, 1887, by the Boston & Lowell Railroad for a term of 99 years, under a lease which provided, *inter alia*, that the lessee would pay the Federal income tax of the lessor. All the rights of lessee under this lease were assigned by the Boston & Lowell Railroad to the Boston & Maine Railroad on December 13, 1892. The income tax of the petitioner for each year was payable and was paid by its lessee in the following year.

The Commissioner computed a Federal income tax for the years 1918, 1919, and 1920 in the amounts of $17,888.25, $14,938.02, and $14,913.86, respectively, which amounts he added to petitioner's net income for the years 1918, 1919, and 1920, respectively. The income-tax returns filed by petitioner for the calendar years 1917, 1918, and 1919 showed a tax liability of $9,547, $17,775.84, and $14,844.35, re-

spectively, which taxes were not reduced by the Commissioner, and the income upon which such tax was computed did not include any amount as a tax upon petitioner's income and paid by its lessee. The taxes, $9,547 for 1917, $17,775.84 for 1918, and $14,844.35, were paid by petitioner's lessee in the years 1918, 1919, and 1920, respectively. Petitioner kept its books and rendered its returns upon an accrual basis.

By virtue of the lease from the petitioner to the Boston & Lowell Railroad Co., assigned to the Boston & Maine Railroad, all the right, title and interest of the lessor in and to the stock of the Newport & Richford Railroad Co. and the right of voting said stock were vested in the lessee, and the petitioner was prohibited from selling or otherwise disposing of said stock except with the consent of the lessee.

On January 2, 1911, bonds of the Newport & Richford Railroad Co. in the amount of $350,000 were issued and sold at a premium of $28,-101.30. These bonds were outstanding during the taxable years.

The Commissioner held that the Newport & Richford Railroad Co. was affiliated with the petitioner during all the taxable years under consideration and consolidated the net income and invested capital of the two corporations for the purpose of computing the income and profits tax. The Commissioner included in the net income of the consolidated group the sum of $936.71 for each of the three years, 1918, 1919, and 1920, as being an aliquot part of the premium realized upon the bonds of the Newport & Richford Railroad Co. which he claimed to be taxable income for the periods indicated.

#### OPINION.

LITTLETON: The first issue is controlled by the decision of the Board in *Appeal of Providence & Worcester Railroad Co.*, 5 B. T. A. 1186. On the authority of that decision it is held that the amount of Federal income tax upon petitioner's income for 1917 and paid by petitioner's lessee in 1918 constituted additional income to petitioner in the latter year; that the amount of Federal income tax due upon petitioner's income for 1918 without the inclusion therein of any amount on account of income tax paid in that year by the lessee as the tax upon the income for the year 1917 constituted additional taxable income in 1919; and that the amount of Federal income tax due upon petitioner's income for 1919 without the inclusion therein of any amount on account of income tax paid in that year by the lessee as the tax upon the income for the year 1918 constituted additional taxable income in the year 1920.

The second issue is governed by the decision of the Board in *Old Colony Railroad Co.*, 6 B. T. A. 1025. On the authority of the decision in that proceeding it is held that no portion of the premium at

which bonds which were outstanding at the close of each of the taxable years involved were issued constituted income during the taxable years.

In view of our decision of the second issue, it is unnecessary to decide whether the petitioner and the Newport & Richford Railroad Co. were affiliated during the taxable year.

Reviewed by the Board.

> *Judgment will be entered on 15 days' notice, under Rule 50.*